**Alana G. I. Simmons, OSB No. 143456**
Safe Harbor Law, LLC
5400 NE 30th Ave., #106
Portland, Oregon 97211
Telephone: (971) 361-8009
Facsimile: (971) 279-2039
alana@safe-harbor-law.com

        Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **DOLORES CATANA CORTEZ** | ) | Case No. 3:15-cv-2366 |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | (Sex/Gender Discrimination/Harassment |
| | ) | ORS 659A.030(1)(a) and 42 U.S.C. § |
| **FUNTIME R.V., INC., an Oregon** | ) | 2000e–2 *et seq.*; Retaliation ORS |
| **corporation, and QUIRIO RAYMUNDO** | ) | 659A.030(1)(f) and 42 U.S.C. § 2000e–3; |
| **ALARCON ELIZONDO, aka QUIRIO** | ) | Whistleblower Retaliation ORS 659A.199; |
| **ALARCON-ELIZONDO, aka QUIRIO** | ) | Wrongful Discharge: Reporting Unlawful |
| **ALARCON, an individual,** | ) | Conduct; Aiding, Abetting or Inciting ORS |
| | ) | 659A.030(1)(g); Intentional Interference w/ |
| Defendants. | ) | Economic Relations; Intentional Infliction of |
| | ) | Emotional Distress; Battery |
| | ) | |
| | ) | DEMAND FOR JURY TRIAL |

<u>Jurisdiction and Venue</u>

1.

This is an action for damages under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e–2 and e-3, and its accompanying regulations, as well as

supplemental state law, statutory, and tort claims.  This Court has jurisdiction over Plaintiff's

**COMPLAINT**                                                                                       Page 1

federal claims under 28 U.S.C. § 1331.  This Court has jurisdiction over Plaintiff's state claims

under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367 because they derive from a

common nucleus of operative fact.

2.

Venue is proper in this District insofar as the alleged unlawful acts took place in

Washington County, Oregon while Plaintiff worked in Washington County, Oregon.

**Parties**

3.

Plaintiff resides in Washington County, Oregon.

4.

Plaintiff was employed by the Defendant Funtime R.V., Inc. ("Funtime"), from

September, 2012 to April, 2015, when her employment was terminated by Defendant Funtime.

5.

Defendant Funtime is an Oregon Corporation.  Defendant Quirio Raymundo Alarcon

Lisondo ("Alarcon") is a supervisory employee of Defendant Funtime, and resides in

Washington County.  On information and belief, Defendant Alarcon is also known by the names

Quirio Alarcon-Elizondo and Quirio Alarcon.

6.

At all material times, Defendant Alarcon was Plaintiff's supervisor and was an employee,

representative and/or agent of Defendant Funtime, was acting in the course and scope of his

employment, representation, and/or agency.  Accordingly, Defendant Funtime is liable for the

acts and omissions of the Defendant Alarcon.  Alternatively, if determined by the trier of fact, to

**COMPLAINT**                                                                                         Page 2

the extent that Defendant Alarcon's actions occurred outside the course and scope of his

employment/agency relationship with Defendant Funtime, Defendant Alarcon is individually

liable for his misconduct.

7.

This action arises out of events concerning Plaintiff's employment with Defendant

Funtime, which occurred in Washington County, Oregon.

## ADMINISTRATIVE PREREQUISITES

8.

On or about June 1, 2015, Plaintiff co-filed a Complaint with the Oregon Bureau of

Labor and Industries ("BOLI"), Case #EEEMSH150601-12500, and the Equal Employment

Opportunity Commission ("EEOC"), EEOC #38D-2015-00580C, in which she alleged that

Defendant Funtime terminated her employment in violation of the state and federal laws cited in

this Complaint and Defendant Alarcon aided and abetted in the discriminatory acts.

9.

On or about September 22, 2015, BOLI notified Plaintiff of her right to sue Defendant

Funtime for the allegations contained in her Complaint.  On of about October 15, 2015, EEOC

notified Plaintiff of its adoption of the BOLI findings and of Plaintiff's right to sue.

10.

Plaintiff has therefore complied with all administrative prerequisites to file suit, and this

Complaint is timely filed within 90 days of BOLI's and EEOC's right to sue notices.

/ / / /

/ / / /

**COMPLAINT**                                                                                      Page 3

## FACTUAL ALLEGATIONS

11.

Defendant Alarcon, while acting in the course and scope of his employment and agency for Defendant Funtime, subjected Plaintiff to offensive and unwelcome conduct between June 1, 2013 and June 1, 2015, including but not limited to:

a.  Defendant Alarcon propositioned Plaintiff on multiple occasions during her employment.

b.  Defendant Alarcon sent Plaintiff a photograph of his genitals in or about July, 2014.

c.  Defendant Alarcon told Plaintiff on multiple occasions that he had a large penis. On more than one occasion he displayed his penis to Plaintiff.

d.  Defendant Alarcon grabbed Plaintiff on multiple occasions on her buttocks and breasts.

e.  Defendant Alarcon made sexually offensive comments to Plaintiff during her employment.

f.  Defendant Alarcon threatened to get Plaintiff fired if she ever discussed his harassment with the office personnel.  He also threatened to call Immigration if she reported him.

12.

In retaliation for Plaintiff's denial of Defendant Alarcon's advances, Defendant Alarcon disproportionately assigned Plaintiff to work assignments that were less desirable.

/ / / /

**COMPLAINT**                                                                                     Page 4

13.

On or about September 19, 2014, Defendant Alarcon observed Jeffrey, another employee of Defendant Funtime, threatening to break Plaintiff's arm.  He did nothing to assist Plaintiff nor reprimand employee Jeffrey.  After Plaintiff reported the incident to the employer, Defendant Funtime also took no action against employee Jeffrey.

14.

In or around March 2015, Defendant Alarcon intentionally threw a paintbrush at Plaintiff while angry with her on the job, bruising her leg.

15.

On or around April 3, 2015, Defendant Funtime terminated Plaintiff.

16.

Plaintiff complained regarding the above facts to Vicky in Human Resources on multiple occasions between June 2013 and April 2015.  Defendant Funtime knew, or should have known about the foregoing facts.

17.

Defendant Funtime failed to conduct a good faith investigation into Plaintiff's complaints and failed to take prompt, effective remedial measures.

18.

As a result of Defendants' actions, Plaintiff has suffered and continues to suffer, noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.

**COMPLAINT**

Safe Harbor Law, LLC
5400 NE 30th Ave., #106
Portland, OR 97211
(971) 361-8009

19.

As a result of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, and medical expenses, which will likely continue to accrue, in an amount to be determined at trial but no less than $20,000 through the date of this complaint, together with interest and the amount necessary to offset the income tax consequences of the award. Plaintiff continues to suffer these economic damages.

20.

Defendant Funtime's actions were malicious and reckless, entitling Plaintiff to an award of punitive damages in an amount not less than $100,000.

21.

Plaintiff is entitled to reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (Sexual Harassment and Hostile Work Environment 42 U.S.C. § 2000e–2 against Defendant Funtime)

22.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth herein.

23.

Defendant Funtime's conduct, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., which makes discrimination against employees on the basis of sex illegal.

/ / / /

**COMPLAINT**                                                                                      Page 6

24.

Defendant Funtime's conduct targeted Plaintiff on the basis of her sex, had the purpose

and effect of unreasonably interfering with her work performance, and created an intimidating,

hostile, and offensive working environment, in violation of 42 USC §2000e-2.

25.

Defendant Funtime is liable for the actions of its supervisor Defendant Alarcon.  Further,

Defendant Funtime continues to employ Defendant Alarcon in a supervisory capacity.

26.

Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages

as a result of Defendant Funtime's discriminatory practices unless and until the Court grants

relief.

## SECOND CLAIM FOR RELIEF
### (Retaliation under 42 U.S.C. § 2000e–3
### against Defendant Funtime)

27.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth

herein.

28.

Plaintiff engaged in protected activity when she made complaints of unlawful conduct by

Defendant Alarcon in the workplace.  Defendant Funtime was aware of Plaintiff's complaints of

harassment and discrimination.

/ / / /

/ / / /

**COMPLAINT**                                                                                              Page 7

29.

Defendant Funtime took adverse employment actions against Plaintiff up to and including termination.

30.

Defendant Funtime knew or should have known that the working conditions were unacceptable.  Defendant Funtime deliberately created and maintained the intolerable working conditions in spite of Plaintiff's protected complaints.

## THIRD CLAIM FOR RELIEF
### (Sex Discrimination 42 U.S.C. § 2000e–2
### against Defendant Funtime)

31.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth herein.

32.

Defendant Funtime violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., which makes discrimination against employees on the basis of sex illegal.

33.

Defendant Funtime violated Title VII when it targeted and discriminated against Plaintiff on the basis of her sex by disproportionately assigning her to less desirable work for the purpose and effect of unreasonably interfering with her work performance and created an intimidating, hostile, and offensive working environment. *See* 29 C.F.R. § 1604.11(a).

**COMPLAINT**

Safe Harbor Law, LLC
5400 NE 30th Ave., #106
Portland, OR 97211
(971) 361-8009

34.

Defendant Funtime is liable for the actions of its supervisor Defendant Alarcon.  Further,

Defendant Funtime continues to employ Defendant Alarcon in a supervisory capacity.

**FOURTH CLAIM FOR RELIEF**
**(ORS 659A.030(1)(a) – Sexual Harassment and Sex Discrimination**
**against Defendant Funtime)**

35.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth

herein.

36.

The actions set forth above were taken by Defendant Funtime through their agents while

they were acting as management employees with actual or apparent authority from Defendant

Funtime to take such actions.

37.

Defendant Funtime violated ORS 659A.030(1)(a) when the harassment and

discrimination targeted Plaintiff on the basis of her sex, culminating in her termination.

**FIFTH CLAIM FOR RELIEF**
**(ORS 659A.030(1)(b) – Sexual Harassment and Sex**
**Discrimination against Defendant Funtime)**

38.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth

herein.

/ / / /

**COMPLAINT**                                                                                                Page 9

39.

The actions set forth above were taken by Defendant Funtime through its agents while

they were acting as management employees with actual or apparent authority from Defendant

Funtime to take such actions.

40.

Based on the facts alleged above, Defendant Funtime violated ORS 659A.030(1)(b) when

the harassment and discrimination targeted Plaintiff on the basis of her sex and had the purpose

and effect of unreasonably interfering with her work performance and created an intimidating,

hostile, and offensive working environment as described above.  Defendant Funtime's

harassment of Plaintiff was severe and pervasive.

### SIXTH CLAIM FOR RELIEF
### (ORS 659A.030(1)(f) – Retaliation for Reporting Sexual Harassment and Sex Discrimination Against Defendant Funtime)

41.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth

herein.

42.

The actions set forth above were taken by Defendant Funtime through its agents while

they were acting as management employees with actual or apparent authority from Defendant

Funtime to take such actions.

43.

Defendants Funtime violated ORS 659A.030(1)(f) when Defendant Funtime retaliated

against Plaintiff in substantial part because she reported in good faith, information she believed

**COMPLAINT**                                                                                       Page 10

was evidence of criminal conduct and/or violations of state laws, rules, and/or regulations

regarding sexual harassment and gender discrimination.  Specifically, Defendant Funtime took

adverse employment actions against Plaintiff, including termination.

**SEVENTH CLAIM FOR RELIEF**
**(Whistleblowing ORS 659A.199**
**Against Defendant Funtime)**

44.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth

herein.

45.

The actions set forth above were taken by Defendant Funtime through its agents while

they were acting as management employees with actual or apparent authority from Defendant

Funtime to take such actions.

46.

Plaintiff reported conduct she believed to be criminal and/or a violation of a rule, law, or

statute.  The conduct reported by Plaintiff included, but was not limited to, gender discrimination

and sexual harassment.

47.

Defendant Funtime's actions described above subjected Plaintiff to retaliation in

substantial part because she reported in good faith, information she believed was evidence of

criminal conduct and/or violations of state laws, rules, and/or regulations regarding sexual

harassment and gender discrimination.

/ / / /

**COMPLAINT**                                                                                                          Page 11

48.

Plaintiff's reports of such conduct were a substantial motivating factor in Defendant Funtime's decision to discharge Plaintiff.

**EIGHTH CLAIM FOR RELIEF**
**(Common Law Wrongful Discharge: Whistleblowing**
**Against Defendant Funtime)**

49.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth herein.

50.

The actions set forth above were taken by Defendant Funtime through its agents while they were acting as management employees with actual or apparent authority from Defendant Funtime to take such actions.

51.

At all materials times, the public policy of the State of Oregon was to prohibit an employer from retaliating against employees for good faith reporting of what they believed was unlawful and/or criminal conduct, and to prohibit employers from retaliating against employees who refuse to participate in what they reasonably believed was their employer's unlawful and/or criminal conduct.  This public policy is embodied in the common law, statutes, and regulations of Oregon including, but not limited to: ORS 659A.199; ORS 659A.230; *Olsen v. Deschutes County*, 204 Or.App. 7 (2006), *rev. den.* 341 Or. 80 (2006).

/ / / /

/ / / /

**COMPLAINT**                                                                              Page 12

52.

The actions set forth above were taken by Defendant Funtime through its agents while they were acting as management employees with actual or apparent authority from Defendant Funtime to take such actions.

53.

Plaintiff reported conduct she believed to be criminal and/or a violation of a rule, law, or statute.  The conduct reported by Plaintiff included gender discrimination and sexual harassment.

54.

Defendant Funtime's actions described above subjected Plaintiff to retaliation in substantial part because she reported in good faith, information she believed was evidence of criminal conduct and/or violations of state laws, rules, and/or regulations regarding sexual harassment and gender discrimination.  Specifically, Defendant Funtime took adverse employment actions against Plaintiff, including termination.

55.

Because of Defendant Funtime's violations of Oregon's public policy, Defendant Funtime is liable to Plaintiff for economic and noneconomic damages.

**NINTH CLAIM FOR RELIEF**
**(Aiding and Abetting ORS 659A.030(1)(g)**
**against Defendant Alarcon)**

56.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth herein.

/ / / /

**COMPLAINT**                                                                                           Page 13

Safe Harbor Law, LLC
5400 NE 30th Ave., #106
Portland, OR 97211
(971) 361-8009

57.

As set forth in detail above, Defendant Alarcon aided, abetted and/or incited unlawful

discrimination and retaliation against Plaintiff by Defendant Funtime.  Specifically, Defendant

Alarcon incited unlawful retaliation and adverse employment actions against Plaintiff by

Defendant Funtime.  Defendant Alarcon did so knowing that his conduct was unlawful,

intending to cause Plaintiff's termination by Defendant Funtime.

58.

The foregoing conduct constitutes a violation of ORS 659A.030(1)(g), and Defendant

Alarcon is liable to Plaintiff for damages.

## TENTH CLAIM FOR RELIEF
### (Tort of Intentional Interference with Economic Relations against Defendant Alarcon)

59.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth

herein.

60.

Plaintiff had an existing employment relationship with Defendant Funtime.

61.

Defendant Alarcon intentionally interfered with Plaintiff's employment relationship with

Defendant Funtime.

/ / / /

/ / / /

/ / / /

**COMPLAINT**                                                                                                    Page 14

62.

Defendant Alarcon was a third party when he interfered with Plaintiff's employment relationship, and not a party to the employment contract between Plaintiff and Defendant Funtime.

63.

Defendant Alarcon's actions were taken for the specific improper purpose of retaliating against Plaintiff for complaining about sexual harassment and for interfering with Plaintiff's employment relationship with Defendant Funtime.

## ELEVENTH CLAIM FOR RELIEF
### (Tort of Intentional Infliction of Emotional Distress against both Defendants)

64.

Plaintiff restates and incorporates by reference Paragraphs 1-21 as though fully set forth herein.

65.

Defendants' actions as set forth in this cause of action constitute intentional infliction of severe emotional distress in violation of Oregon common law.  Defendant Alarcon's outrageous acts of harassment of Plaintiff occurred within the course and scope of his employment/agency relationship with Defendant Funtime, and Defendant Funtime is jointly and severally liable for Defendant Alarcon's misconduct.

/ / / /

/ / / /

/ / / /

**COMPLAINT**                                                                                                            Page 15

66.

Alternatively, if determined by the trier of fact, to the extent that Defendant Alarcon's

harassment of Plaintiff occurred outside the course and scope of his employment/agency

relationship, Defendant Alarcon is individually liable for his misconduct, and Defendant Funtime

is liable for what it knew or should have known.

67.

Defendants intended and/or were substantially certain that their acts would inflict severe

mental and emotional distress on Plaintiff by their extreme and outrageous conduct.

68.

The actions of Defendants constituted a concerted effort to inflict emotional distress on

Plaintiff and constituted an extraordinary transgression of the bounds of socially tolerable

conduct within the employment context.  Plaintiff has alleged numerous acts leading up to her

termination as well as acts committed in the course of employment which predictably resulted in

her severe emotional distress.  Those actions constituted socially intolerable conduct on the part

of both Defendants.  Those actions would reasonably be expected to have such impact on any

employee in Plaintiff's position.

## TWELFTH CLAIM FOR RELIEF
### (Battery against Defendant Alarcon)

69.

Defendant Alarcon's actions against Plaintiff as alleged in paragraph 11(d) and paragraph

14, constituted batteries.

/ / / /

**COMPLAINT**                                                                                                      Page 16

Safe Harbor Law, LLC
5400 NE 30th Ave., #106
Portland, OR 97211
(971) 361-8009

## THIRTEENTH CLAIM FOR RELIEF
### (Battery against Defendant Funtime)

70.

Defendant Funtime is liable for the batteries committed by Defendant Alarcon as alleged in paragraph 69 based on the doctrine of respondeat superior, as the batteries were committed by its employee within the scope of employment.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, as follows:

A.   For an award of economic damages in an amount of at least $20,000, or in such greater amount as may be proven at trial;

B.   For an award of noneconomic damages in an amount not to exceed $500,000, or in such greater amount as may be proven at trial;

C.   For an award of punitive damages in an amount of at least $100,000, or in such greater amount as may be proven at trial;

D.   For an award of her costs and disbursements incurred herein;

E.   For an award of her reasonable attorneys' fees incurred herein; and

F.   For such other and further relief as the Court determines to be just and proper in light of the circumstances hereof.

DATED this 21st day of December, 2015.

s/ Alana G. I. Simmons
ALANA G. I. SIMMONS, OSB No. 143456
Attorney for Plaintiff

**COMPLAINT**                                                                         Page 17